**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWARD KING,

Defendant.

Case No. 22-cr-20563

Hon. Jonathan J.C. Grey

---

# ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION (ECF NO. 280)

On June 11, 2024, Defendant Edward King pleaded guilty to Count 1 of the First Superseding Indictment, conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846. The Probation Department and the Court calculated King's total offense level at 27, with a criminal history category IV based on 8 criminal history points,[1] which meant King's

[1] It is undisputed that King was under a criminal justice sentence at the time he committed the offense to which he pleaded guilty in this case. (*See* United States District Court for the Southern District of West Virginia, No. 17CR00170-001.) Accordingly, the Probation Department and the Court added one additional point to King's 7 criminal history points attributable directly to his conduct, which gave him 8 criminal history points.

guideline imprisonment range was 100 months to 125 months. (*See* ECF No. 203, ¶¶ 68, 105.) On January 6, 2025, the Court sentenced King to 90 months in prison. (ECF No. 230.) King did not challenge his conviction or sentence on appeal, nor did he file a 28 U.S.C. § 2255 motion.

King now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c). He asserts that he is entitled to a two-point decrease in status points based on United States Sentencing Commission Amendment 821, which amended the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") effective November 1, 2023. (ECF No. 280; ECF No. 293.) King cites U.S.S.G. §§ 4A1.1 and 4C1.1. (ECF No. 280.) The government filed a response, to which King replied. (ECF Nos. 290, 293.)

King's motion lacks merit. First, at his January 6, 2025 sentencing, the Court (and the Probation Department) utilized the 2023 Guidelines Manual, including all applicable amendments, which included the November 1, 2023 amendments. (*See, e.g.*, ECF No. 203, PageID.1060 at ¶ 21.) Therefore, the Court's computation of King's guideline range considered the Amendment 821 changes to the Guidelines; in other words, King was afforded the benefit of Amendment 821 when the Court sentenced him.

Second, King seemingly misunderstands the effect of Amendment 821 with respect to computation of criminal history points. Contrary to his argument that he was entitled to a "two-point reduction," Guideline § 4A1.1 does not provide for a two-point reduction. And, although a defendant may receive a two-level reduction in his offense level if he satisfies numerous criteria, King did not qualify for that reduction because he has many (7) criminal history points from Chapter 4A. (*See* ECF No. 203, PageID.1068, 1074, 1076, 1078; U.S.S.G. § 4C1.1(a)(1) (to qualify for the reduction, it is necessary that "the defendant did not receive any criminal history points from Chapter Four, Part A").)

Third, Amendment 821's impact on Guideline § 4A1.1 was to reduce from two additional "status points" to one additional "status point" that would be **added** to a defendant's Criminal History category for those defendants: (a) who have 7 or more criminal history points, and (b) "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1. As such, the amendment did not provide that there would be a **reduction** of any offense level or

criminal history computation; rather, it provided that only one point rather than two points would be added for certain defendants.

As King's sentencing guidelines were properly calculated, Amendment 821 was considered and applied when King was sentenced, and King has not otherwise demonstrated entitlement to a reduction in his sentence, **IT IS ORDERED** that King's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (ECF No. 280) is **DENIED**.

**SO ORDERED.**

Dated: November 25, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email on the Notice of Electronic Filing on November 25, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager